**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AMERICAN ACADEMY OF HIV MEDICINE; et al.,

*Plaintiffs*,

v.

HEALTH RESOURCES AND SERVICES ADMINISTRATION; et al.,

*Defendants*.

Case No. 1:26-cv-12638-WGY

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PERMIT ASSOCIATIONAL PLAINTIFFS' MEMBERS TO PROCEED PSEUDONYMOUSLY AND FOR A PROTECTIVE ORDER**

This matter is before the Court on Plaintiffs' motion for leave to allow non-party declarant members of Plaintiffs the American Academy of HIV Medicine, the HIV Medicine Association, and the International Association of Providers of AIDS Care ("the Associational Plaintiffs") to proceed under pseudonyms and for a protective order.

After consideration of the Plaintiffs' motion, the memorandum in support, and the record in this case, and having otherwise been fully advised, the Court finds there is good cause to grant Plaintiffs' motion and the motion is **GRANTED**. The Court finds that limiting disclosure of the individual identities of the non-party declarant members of the Associational Plaintiffs is necessary to protect their privacy and safety and to ensure that the fact of any of these individuals' participation in this litigation cannot be used in a retaliatory manner. The Court further finds that the non-party declarant members of the Associational Plaintiffs will likely experience a significant

risk of harm absent the requested relief, and that absent such an order, future declarants are likely to be chilled in providing important percipient accounts of federal conduct.

Accordingly, the Court hereby **ORDERS** as follows:

1. Nurse Practitioner Danielle Doe and Dr. Rachel Roe, who are members of Associational Plaintiffs, may proceed under the pseudonyms "Danielle Doe" and "Rachel Roe";

2. Members of the American Academy of HIV Medicine, the HIV Medicine Association, and the International Association of Providers of AIDS Care who wish to submit a declaration in this case and have concerns about their privacy, safety, and retaliation in connection with their participation in this litigation may similarly proceed under pseudonyms; and

3. No part of the restrictions imposed by this Protective Order may be terminated except by written stipulation of the parties or by other order of this Court for good cause shown.

**IT IS SO ORDERED.**

Dated this _____ day of _________, 2026

BY THE COURT:

________________________________