**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF HIV MEDICINE; et al., | |
| *Plaintiffs*, | |
| v. | Case No. 1:26-cv-12638-WGY |
| HEALTH RESOURCES AND SERVICES ADMINISTRATION; et al., | |
| *Defendants*. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY RELIEF UNDER 5 U.S.C. § 705 AND PRELIMINARY INJUNCTION**

Pursuant to 5 U.S.C. § 705 and Federal Rule of Civil Procedure 65(a), Plaintiffs have moved this Court for preliminary relief under 5 U.S.C. § 705 and a preliminary injunction prohibiting Defendants from implementing, enforcing, effectuating, or giving effect to certain agency policies, including those set forth in the FY 2026 HRSA General Terms and Conditions, issued on March 11, 2026, and in Notices of Funding Opportunity ("NOFOs") relating to the Ryan White HIV/AIDS Program, which prohibit Ryan White funding recipients from acknowledging, affirming, and/or respecting the identities of transgender patients or from providing gender-affirming medical care under the Ryan White Program, and that incorporate or implement Executive Order 14168, "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government."

The Court may issue a preliminary injunction when a plaintiff establishes that: "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public

1

interest." *New Jersey v. Trump*, 131 F.4th 27, 33 (1st Cir. 2025) (citation modified). The Court may also stay final agency action to prevent irreparable injury pursuant to 5 U.S.C. § 705 under the same standard. *California v. Kennedy*, 802 F. Supp. 3d 273, 281 (D. Mass. 2025). The Court finds that Plaintiffs have carried their burden to satisfy each of those factors and that immediate relief is appropriate.

Having considered all relevant submissions, evidence, declarations, briefing, and arguments of counsel, and good cause appearing therefore, the Court **GRANTS** Plaintiffs' Motion for Preliminary Relief under 5 U.S.C. § 705 and Preliminary Injunction and **ORDERS THAT**:

1. Pursuant 5 U.S.C. § 705, the provisions of the FY 2026 HRSA General Terms and Conditions, issued on March 11, 2026, and the Notices of Funding Opportunity ("NOFOs") relating to the Ryan White HIV/AIDS Program, including the NOFOs for the Ryan White Program's Part B Supplemental, Part C, and Part F issued in June 2026, which prohibit Ryan White funding recipients from acknowledging, affirming, and/or respecting the identities of transgender patients or from providing gender-affirming medical care under the Ryan White Program are hereby temporarily stayed, postponed, and set aside during the pendency of this litigation. These provisions (hereafter the "Challenged Conditions") include the following:

    a. With regards to the FY 2026 HRSA General Terms and Conditions, the following terms and conditions are hereby temporarily stayed, postponed, and set aside:

        i. The requirement that funding recipients "apply[] sex-based definitions grounded in biological reality";

        ii. The requirement that funding recipients "ensure that all activities funded" under the program be "implemented in a manner consistent with HRSA's mission and strategic priorities," such that they (a) must comply with the

"HRSA priority to recognize that a person's sex as either male or female is unchangeable and determined by objective biology, and to ensure its programs accurately reflect science, including the biological reality of sex"; (b) may not affirm transgender people's identities or provide gender-affirming medical care, which HRSA has deemed "social or medical experimentation" that is part of "radical ideological agendas and policies"; or (c) must certify that they are "compliant with Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §§ 1681 et seq., including the requirements set forth in Presidential Executive Order 14168 titled Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," and "will remain compliant for the duration of the Agreement" and that these are "material terms of the Agreement"; and

iii. any provision of the Health Resources and Services Administration's General Terms and Conditions, including any version incorporated into or enforced through the Ryan White HIV/AIDS Program NOFOs challenged in this action, or through any future Ryan White HIV/AIDS Program NOFO, award, continuation award, renewal, supplement, or other grant process that is materially similar to the challenged terms and would prohibit Ryan White Program funding recipients from acknowledging, affirming, and/or respecting the identities of transgender patients or from providing gender-affirming medical care under the Ryan White Program.

b.  With regards to the Ryan White Program NOFOs issued in June 2026, or thereafter, the following terms and conditions are hereby temporarily stayed, postponed, and set aside:

    i.  The requirement that Ryan White Program funding recipients must ensure that "[a]ll activities proposed in [an] application and budget narrative must align with applicable law, including but not limited to statutes, executive orders, federal regulations and applicable judicial holdings," such that it requires alignment and compliance with Executive Order 14168;

    ii.  The requirement that funding awards "shall not be used to fund, promote, encourage, subsidize, or facilitate . . . denial by the recipient of the sex binary in humans, or the belief that sex is a chosen or mutable characteristic";

    iii.  The requirement that Ryan White Program funding recipients comply with any of the Challenged Conditions in the FY 2026 HRSA General Terms and Conditions, as set forth above; and

    iv.  any provision in a current or future Ryan White HIV/AIDS Program NOFO, or in any future notice of award, continuation award, renewal, supplement, or other grant process that is materially similar to the challenged terms herein and would prohibit Ryan White Program funding recipients from acknowledging, affirming, and/or respecting the identities of transgender patients or from providing gender-affirming medical care under the Ryan White Program.

4

2.      Pursuant to Federal Rule of Civil Procedure 65, Defendants, including their employees, agents, servants, attorneys, successors and any person or entity in active concert or participation with them, are ENJOINED from implementing, enforcing, effectuating, or giving effect to the Challenged Conditions—or any materially similar policy that prohibits Ryan White funding recipients from acknowledging, affirming, and/or respecting the identities of transgender patients or from providing gender-affirming medical care under the Ryan White Program—against Provider Plaintiffs and Associational Plaintiffs' Members.

3.      It is further ORDERED that the security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction and imposing a security requirement would pose a hardship for Plaintiffs.  *See* Fed. R. Civ. P. 65(c).

4.      Nothing in this Order shall prohibit Defendants from administering the Ryan White HIV/AIDS Program in a manner otherwise consistent with federal law and this Order.

        IT IS SO ORDERED.


Dated: _____, 2026          _____
                                                      United States District Judge