**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF HIV MEDICINE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HEALTH RESOURCES AND SERVICES ADMINISTRATION, *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-12638-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

BACKGROUND ........ 2

LEGAL STANDARD ........ 3

ARGUMENT ........ 4

CONCLUSION ........ 13

RULE 7.1 CERTIFICATE OF COMPLIANCE ........ 15

CERTIFICATE OF SERVICE ........ 16

## TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Atieh v. Riordian*,
727 F.3d 73 (1st Cir. 2013) .......... 3

*Bar MK Ranches v. Yuetter*,
944 F.2d 735 (10th Cir. 1993) .......... 3

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
401 U.S. 402 (1971) .......... 3

*Ctr. for Food Safety v. Vilsack*,
No. 15-cv-01590-HSG-KAW, 2017 WL 1709318 (N.D. Cal. May 3, 2017) .......... 12

*Dep't of Com. v. New York*,
588 U.S. 752 (2019) .......... 3, 11

*Inst. for Fisheries Res. v. Burwell*,
No. 16-cv-01574-VC, 2017 WL 89003 (N.D. Cal. Jan. 10, 2017) .......... 11

*Marcum v. Salazar*,
751 F. Supp. 2d 74 (D.D.C. 2010) .......... 4

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*,
463 U.S. 29 (1983) .......... 13

*New York v. McMahon*,
826 F. Supp. 3d 184 (D. Mass. 2026) .......... 3, 4, 11, 13

*New York v. United States Dep't of Com.*,
351 F. Supp. 3d 502 (S.D.N.Y. 2019), *aff'd in part, rev'd in part on other grounds, and remanded sub nom. Dep't of Com. v. New York*, 588 U.S. 752 (2019) .......... 11

*Roe v. Mayorkas*,
No. 22 Civ. 10808, 2024 WL 5198705 (D. Mass. Oct. 2, 2024) .......... 3, 4, 11

*S.C. Coastal Conserv. League v. U.S. Army Corps of Eng'rs*,
611 F. Supp. 3d 136 (D.S.C. 2020) .......... 4

*Sierra Club v. U.S. Army Corps of Eng'rs*,
No. 20-cv-00396, 2023 WL 4350730 (D. Me. July 5, 2023) .......... 3, 13

*U.S. Lines, Inc. v. Fed. Mar. Comm'n*,
584 F.2d 519 (D.C. Cir. 1978) .......... 11

*United Farm Workers v. Adm'r, U.S. E.P.A.*,
No. C 07-3950, 2008 WL 3929140 (N.D. Cal. Aug. 26, 2008) .......... 12

**STATUTES**


5 U.S.C. § 705 .......... 2

5 U.S.C. § 706 .......... 1, 3

5 U.S.C. § 706(2)(A) .......... 1

5 U.S.C. § 706(2)(B)–(C) .......... 1

20 U.S.C. §§ 1681 et seq. .......... 9


**EXECUTIVE ORDERS**


Exec. Order No. 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, 90 Fed. Reg. 8339 (Jan. 20, 2025) .......... 6

Exec. Order No. 14154, *Unleashing American Energy*, 90 Fed. Reg. 8353 (Jan. 20, 2025) .......... 6

Exec. Order No. 14159, *Protecting the American People Against Invasion*, 90 Fed. Reg. 8843 (Jan. 20, 2025) .......... 6

Exec. Order No. 14162, *Putting America First in International Environmental Agreements*, 90 Fed. Reg. 8455 (Jan. 20, 2025) .......... 6

Exec. Order No. 14168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 20, 2025) .......... 6, 8, 9

Exec. Order No. 14169, *Reevaluating and Realigning United States Foreign Aid*, 90 Fed. Reg. 8619 (Jan. 20, 2025) .......... 6

Exec. Order No. 14182, *Enforcing the Hyde Amendment*, 90 Fed. Reg. 8751 (Jan. 24, 2025) .......... 6

Exec. Order. No. 14332, *Improving Oversight of Government Grantmaking*, 90 Fed. Reg. 38929 (Aug. 7, 2025) .......... 6


**OTHER AUTHORITIES**


Admin. Conference of the United States, *Handbook on Compiling Administrative Records for Informal Rulemaking* (2022), https://www.acus.gov/sites/default/files/documents/ACUS_Handbook_on_Compiling_Administrative_Records.pdf .......... 12

ASFR Memorandum, *Clarification on Departmental Review of Grants and Contracts* (February 20, 2026) .......... 7

Health & Human Resources Administration, *Advancing HRSA's Mission Through Focused,* Accountable Action, https://www.hrsa.gov/about/priorities [https://perma.cc/5TS2-8LE2] .......... 6

Health Resources & Services Administration, *Part B: Grants to States and Territories*, HRSA Ryan White HIV/AIDS Program, https://ryanwhite.hrsa.gov/about/parts-and-initiatives/part-b-grants-states-territories ........ 10

Health Resources & Services Administration, *Part C: Early Intervention Services (EIS) and Capacity Development Grants*, https://ryanwhite.hrsa.gov/about/parts-and-initiatives/part-c-early-intervention ........ 10

Health Resources & Services Administration, *Part F: Special Projects of National Significance (SPNS) Program*, HRSA Ryan White HIV/AIDS Program, https://ryanwhite.hrsa.gov/about/parts-and-initiatives/part-f-spns ........ 11

Health Resources & Services Administration, *Who We Are*, HRSA Ryan White HIV/AIDS Program, https://ryanwhite.hrsa.gov/ ........ 10

HHS (@HHSGov), X.com (Feb. 20, 2025), https://x.com/HHSGov/status/1892731580218474861 ........ 10

Letter from Thomas J. Engels, Adm'r, Health Res. & Servs. Admin., to Ryan White HIV/AIDS Program Awardees and Stakeholders (Apr. 7, 2026), https://tinyurl.com/4neauwpd [https://perma.cc/K3TZ-HWEF] ........ 10

Office of the Secretary, *Defining Sex: Guidance for Fed. Agencies, External Partners, and the Public Implementing EO 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Fed. Gov't*," U.S. Dept. of Health and Human Servs. (Feb. 19, 2025) ........ 9

U.S. Dep't of Health & Humans Servs., *HHS Grants Policy Statement*, https://www.hhs.gov/sites/default/files/hhs-grants-policy-statement-oct-2025.pdf ........ 9

U.S. Dep't of Health and Human Services, *Protecting the Rights of Lesbian, Gay, Bisexual, Transgender, Queer, and Intersex (LGTBQ+) People*, https://www.hhs.gov/ocr/lgbtqi/index.html ........ 11

U.S. Dep't of Justice, *Guidance to Federal Agencies on Compiling the Administrative Record* (Jan. 1999), https://www.spd.usace.army.mil/Portals/13/docs/regulatory/qmsref/eis/DOJ%20Guidance.pdf ........ 12

## INTRODUCTION

This case arises from Defendants' decision to impose new conditions on Ryan White HIV/AIDS Program funding. Those conditions seek to prohibit grant recipients—including the individual Provider Plaintiffs and members of Associational Plaintiffs—from acknowledging the identities of their transgender patients and from using Ryan White funds to provide gender-affirming medical care to transgender patients living with HIV ("the Challenged Conditions"). *See* Compl. ¶¶ 164–87, Dkt. 1.

Plaintiffs allege, among other things, that the Challenged Conditions (i) are arbitrary and capricious, in violation of 5 U.S.C. § 706(2)(A); (ii) are not in accordance with law, in violation of 5 U.S.C. § 706(2)(A); (iii) exceed Defendants' statutory authority, in violation of 5 U.S.C. § 706(2)(C); and (iv) are contrary to constitutional rights, in violation of 5 U.S.C. § 706(2)(B). *See* Compl. Counts I-IV, ¶¶ 203–246. To resolve those claims arising under the Administrative Procedure Act ("APA"), this Court must review the "whole record" to determine what drove Defendants' decision. 5 U.S.C. § 706.

The current Administrative Record is incomplete and, as produced, frustrates meaningful judicial review under the APA. It fails to include not only the Challenged Conditions themselves, but also several documents referenced in the Administrative Record that undoubtedly played a role in Defendants' decision-making process and some of the Administration's pronouncements that led directly to the promulgation of the Challenged Conditions. Similarly, the Administrative Record fails to include several public statements of agency and Administration policy made by Defendants that likewise shed light on their decision to impose the Challenged Conditions. Accordingly, Plaintiffs respectfully request that this Court order Defendants to add the missing documents to complete the Administrative Record.

## BACKGROUND

On July 20, 2026, this Court collapsed Plaintiffs' motion for relief under 5 U.S.C. § 705 and a preliminary injunction with trial on the merits. Dkt. 49 at 2 (citing Fed. R. Civ. P. 65(a)). The Court directed the parties to set a filing date for the Administrative Record. *See id.*

On July 30, 2026, the parties filed a Joint Stipulation and Proposed Pre-Trial Schedule. The parties stipulated to bifurcate the APA claims from the non-APA claims, set forth pre-trial dates with regards to the APA claims, and reserve any scheduling with regards to the non-APA claims until after the APA claims were decided. *See* Dkt. 51 at. In addition, Defendants agreed to file the Administrative Record on or before August 14, 2026. *See id.* ¶ 1. And Plaintiffs agreed to file any motion to supplement, modify, or complete the Administrative Record on or before August 24, 2026. *Id.* ¶ 2.

On August 14, 2026, Defendants produced the Administrative Record. *See* Dkt. 53 (HRSA 00001 – HRSA 0083). Defendants certified that the Administrative Record "constitute[s] the non-privileged documents that were considered, either directly or indirectly, in connection with the government actions challenged" in this case. *Id.* at 4.

After reviewing the Administrative Record, Plaintiffs identified a number of materials that should have been included in the Administrative Record. *See* Trumbauer Decl. ¶ 4. These materials fall into three categories. The first category consists of the Challenged Conditions themselves. The second category consists of documents that are referenced, but not included, in the Administrative Record—even though Defendants indisputably had those materials before them and evidently considered them in determining whether to adopt the Challenged Conditions. *See infra* at 5–8. The third category consists of several public statements of agency and Administration policy made by Defendants that shed light on their decision to impose the Challenged Conditions. *See infra* at 8–

10.

Plaintiffs identified the requested documents to Defendants, but as of the time of this filing, Defendants had not provided their positions as to the request to add the requested documents to the Administrative Record. *See* Trumbauer Decl. ¶ 29.

Accordingly, Plaintiffs file this Motion to Complete the Administrative Record.

## LEGAL STANDARD

Section 706 of the APA states that courts "shall review the whole record" of agency decision-making. 5 U.S.C. § 706. Judicial review of agency action must therefore be "based on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *see Atieh v. Riordian*, 727 F.3d 73, 76 (1st Cir. 2013) ("The focal point of APA review is the existing administrative record."). Without the full administrative record, "meaningful judicial review" is impossible. *Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019) (citation omitted).

An agency may "'not unilaterally determine what constitutes' the administrative record." *Roe v. Mayorkas*, No. 22 Civ. 10808, 2024 WL 5198705, at *8 (D. Mass. Oct. 2, 2024) (quoting *Bar MK Ranches v. Yuetter*, 944 F.2d 735, 739 (10th Cir. 1993)). Instead, the administrative record "must contain all documents and materials directly or indirectly considered by the agency decision-makers and includes evidence contrary to the agency's position." *New York v. McMahon*, 826 F. Supp. 3d 184, 194 (D. Mass. 2026) (internal quotation marks omitted). It also "should include all materials that *might* have influenced the agency's decision, and *not merely those on which the agency relied in its final decision*." *Sierra Club v. U.S. Army Corps of Eng'rs*, No. 20-cv-00396, 2023 WL 4350730, at *1 (D. Me. July 5, 2023) (emphasis added).

When an agency does not "include materials that were part of its record, whether by design or accident," *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010), the court may order the agency to correct those deficiencies so that the record "actually reflect[s] the materials that the agency had before it when it made its decision," *Roe*, 2024 WL 5198705, at *7 n.10. To prevail on a motion to complete, the moving party must present "'clear evidence'" that the record is incomplete. *Roe*, 2024 WL 5198705, at *2 (quoting *S.C. Coastal Conserv. League v. U.S. Army Corps of Eng'rs*, 611 F. Supp. 3d 136, 142 (D.S.C. 2020)). That is, the moving party must (1) present "reasonable, non-speculative grounds to believe that the materials considered in the decision making process are not included in the record" and (2) "identify the pertinent omitted materials with sufficient specificity[.]" *McMahon*, 826 F. Supp. at 195 (quoting *Roe*, 2024 WL 5198705, at *7). "[N]o showing of bad faith is required." *Roe*, 2024 WL 5198705, at *2.

**ARGUMENT**

The Administrative Record in this case should contain *all* materials that were directly or indirectly considered as part of the process of determining whether to include the Challenged Conditions in the FY 2026 HRSA General Terms and Conditions, including its incorporation of HRSA's priorities and other guidance referenced therein, and the Part B Supplemental, Part C, Part D, and Part F Notices of Funding Opportunity ("NOFOs"). It does not. And Defendants have not agreed to voluntarily complete the record at this point. The Court should thus order completion.

The current Administrative Record is just 83 pages. It consists of (1) an e-mail announcing the issuance of HRSA's priorities, HRSA 0001–HRSA 0002; (2) a memo describing what content NOFOs must have and how they are approved for issuance, HRSA 0003–HRSA 0025; (3) a document titled "FY 2026 Summary of Changes / Revisions of HRSA General Terms and Conditions," HRSA 0026; (4) various internal e-mails discussing the Challenged Conditions,

HRSA 0027–HRSA 0033, HRSA 0073–HRSA 0083; and (5) a copy of the approved ADAP NOFO application that contains the Challenged Conditions, HRSA 0034–HRSA 0072.

The current Administrative Record is facially deficient in at least three respects. First, the Administrative Record fails to include the challenged FY 2026 HRSA General Terms and Conditions and NOFOs—the very agency actions that are the subject of this case. *See* Compl. ¶¶ 164–187 (outlining the Challenged Conditions as the FY 2026 HRSA General Terms and Conditions, the Part B Supplemental, Part C, and Part F NOFOs, the forecasted Part D NOFO, and other actions other actions implementing the Executive Order No. 14168 (the "Gender Order") with regard to the Ryan White Program); *see also* Trumbauer Decl. ¶¶ 5–9.

Second, several documents included in the Administrative Record expressly reference *other* documents that Defendants considered while deciding whether to issue the Challenged Conditions but that were not themselves included in the Record:

1. An e-mail dated September 15, 2025, states that Defendant HRSA "remains firmly committed to protecting and improving the health and well-being of Americans, particularly those who are underserved, medically vulnerable, or live in areas where access to care is limited." HRSA 0001. The e-mail also states that Defendant HRSA is "committed to supporting programs and initiatives that will focus on the underlying cause of disease, including lifestyle modifications and other modalities that are shown to be effective in improving health outcomes." *Id.* The e-mail then refers readers to a website link called "Advancing HRSA's Mission Through Focused, Accountable Action." HRSA 0002. That website outlines Defendant HRSA's policy priorities—including its priority to ensure that funding provided under the Ryan White Program is not used "for purposes unrelated to the statute, including for medications that are used

without proper authorization or outside of approved medical guidelines."[1] The current Administrative Record does not include the website "Advancing HRSA's Mission Through Focused, Account Action." *See* Trumbauer Decl. ¶ 10; *see also* Dkt. 19-3.

2. A memorandum dated April 3, 2026, states that "all NOFOs"—including the ones at issue in this case—"must comply with Executive Orders signed by the President." HRSA 0003. It then lists eight Executive Orders issued by this Administration. HRSA 0003–HRSA 0004.[2] Yet the Administrative Record does not include any of the Executive Orders. *See* Trumbauer Decl. ¶¶ 11–18; *see also* Dkt. 19-5 (Exec. Order. No. 14168); **Exhibits A–G** to Trumbauer Decl.

3. Attachment 1 of the April 3, 2026, memorandum states that "[i]f [a] NOFO has been issued in previous years, [the agency] must include in [a] submission email to ASFR/OB a summary of what changes have been made from the prior year's version to align with the Administration's priorities." HRSA 0006. It continues: "If changes were required, briefly describe any edits made to align with the Administration priorities (*Ex.*, '*Removed activities related to DEI and gender in alignment with Administration Priorities'*)." *Id.* Yet the Administrative Record does not include the

---

[1] *See* Health & Human Resources Administration, *Advancing HRSA's Mission Through Focused, Accountable Action*, https://www.hrsa.gov/about/priorities [https://perma.cc/5TS2-8LE2]. A copy of the HRSA priorities was previously filed as Exhibit C to the Abrigo Declaration in relation to Plaintiffs' motion for preliminary relief. *See* Dkt. 19-3.

[2] These are: (1) Exec. Order No. 14159, *Protecting the American People Against Invasion*, 90 Fed. Reg. 8843 (Jan. 20, 2025); Exec. Order No. 14169, *Reevaluating and Realigning United States Foreign Aid*, 90 Fed. Reg. 8619 (Jan. 20, 2025); Exec. Order No. 14162, *Putting America First in International Environmental Agreements*, 90 Fed. Reg. 8455 (Jan. 20, 2025); Exec. Order No. 14154, *Unleashing American Energy*, 90 Fed. Reg. 8353 (Jan. 20, 2025); Exec. Order No. 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, 90 Fed. Reg. 8339 (Jan. 20, 2025); Exec. Order No. 14168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 20, 2025); Exec. Order No. 14182, *Enforcing the Hyde Amendment*, 90 Fed. Reg. 8751 (Jan. 24, 2025); and Exec. Order. No. 14332, *Improving Oversight of Government Grantmaking*, 90 Fed. Reg. 38929 (Aug. 7, 2025). A copy of Executive Order No. 14168 was previously filed as Exhibit E to the Abrigo Declaration in relation to Plaintiffs' motion for preliminary relief. *See* Dkt. 19-5.

required summary of changes detailing how any of the current NOFOs—namely, the Part B Supplemental, Part C, Part D, and Part F NOFOs—differ from prior versions.

4. Attachment 3 of the April 3, 2026, memorandum states that Defendant "HHS has established a review process for NOFOs and [Notices of Awards (NOAs)] to help ensure alignment with Agency priorities. For more information about how these reviews work for new and continuing grants"—such as the NOFOs at issue here—"please refer to the ASFR Memorandum, *Clarification on Departmental Review of Grants and Contracts* (February 20, 2026)." HRSA 0013. In addition, Attachment 3 states that agencies "**must include** language that discloses how the agency will review applications, along with any review criteria" and that "senior appointees" will use those "scoring rubrics" when "assess[ing] grant proposals." *Id.* (emphasis in original). Yet the Administrative Record does not contain the ASFR Memorandum, the referenced new review process for NOFOs and NOAs, or the review criteria for grant applications.

5. A February 24, 2026, e-mail references an "attached Summary of Key Updates." HRSA 0028–HRSA 0029. The "Summary of Key Updates" purportedly details "changes" that "apply to all HRSA NOFO Template(s)"—including the template used to create the NOFOs at issue in this case. HRSA 0028. Yet the Administrative Record does not contain the "Summary of Key Updates."

6. Several e-mails by Defendants discuss modifications to the "HRSA Standard NOFO template." HRSA 0028, HRSA 0029, HRSA 0079. Yet the Administrative Record fails to include the "HRSA Standard NOFO template" or any modifications made to it.

7. An April 27, 2026, e-mail states that multiple "versions of the NOFOs" are "saved on [a] SharePoint." HRSA 0076. Similarly, a June 25, 2026, e-mail states that HRSA

received feedback on its "FY X09 NOFO." HRSA 0031. That e-mail also states that Susan Robilotto—Director of the Division of State HIV/AIDS Programs at the HIV/AIDS Bureau—"added [the Challenged Conditions] in question on 9/25/25 with the comment 'Added per HHS. OGC has approved.'" *Id.*; *see* HRSA 0082 (referencing a "revised version" of the NOFO). Yet the Administrative Record fails to include any version of FY X09 NOFO, any feedback or commentary related to those versions, and any communications between Defendant HHS and Susan Robilotto.

8. A May 4, 2026, e-mail from an employee at HHS states that the Office of Management & Budget ("OMB") left comments on "seven additional HRSA NOFOs." HRSA 0082. The HHS employee asked HRSA to "include a comment in the revised version" of the NOFOs "indicating where OMB can find the link to the gender dysphoria report." *Id.* Similarly, a May 7, 2026, e-mail from an employee at HHS states that the OMB "will not hold up NOFO clearance" for the NOFOs at issue based on a comment about "the gender dysphoria report." HRSA 0079. Both statements suggest that Defendants HHS and HRSA considered a version of the challenged NOFOs that referenced, considered, and contained a link to a "gender dysphoria report." Yet the Administrative Record does not contain those versions of the challenged NOFOs.

Third, the Administrative Record fails to include several policy statements and other public statements made by Defendants demeaning transgender people, "gender ideology," and gender-affirming medical care that led to their decision to impose the Challenged Conditions:

9. The Administrative Record does not include Defendant HHS's "Guidance for Federal Agencies, External Partners, and the Public Implementing Executive Order 14168, *Defending Women from Gender Ideology and Restoring Biological Truth to the Federal*

*Government*."[3] The Guidance explains to "external partners"—like Plaintiffs—that "[t]here are only two sexes, female and male[.]" It also states that "[a] person's sex is unchangeable and determined by objective biology" and that "[t]he use of hormones or surgical interventions do not change a person's sex because such actions do not change the type of gamete that the person's reproductive system has the biological function to produce." The Guidance is expressly referenced within HRSA's priorities (*see* Dkt. 19-3), which in turn is expressly incorporated into Challenged Conditions through the FY 2026 HRSA General Terms and Conditions (*see* Dkt. 1-1 at 5).

10. The Administrative Record does not include the HHS Grants Policy Statement (effective October 1, 2025). *See* Compl. ¶¶ 161, 172.[4] The HHS Grants Policy Statement requires all federal funding recipients—including Ryan White funding recipients—"to certify that they are 'compliant with Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §§ 1681 et seq., including the requirements set forth in Presidential Executive Order 14168 titled Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government,' and that they will remain so." *Id.* ¶ 172. The Grants Policy Statement is expressly incorporated into Challenged Conditions through the FY 2026 HRSA General Terms and Conditions (*see* Dkt. 1-1 at 1).

---

[3] Office of the Secretary, *Defining Sex: Guidance for Fed. Agencies, External Partners, and the Public Implementing EO 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Fed. Gov't*," U.S. Dept. of Health and Human Servs. (Feb. 19, 2025) (attached as **Exhibit H** to Trumbauer Decl.).

[4] *See* U.S. Dep't of Health & Humans Servs., *HHS Grants Policy Statement*, https://www.hhs.gov/sites/default/files/hhs-grants-policy-statement-oct-2025.pdf (attached as **Exhibit I** to Trumbauer Decl.).

.

11. The Administrative Record does not include Defendant Thomas J. Engels's Dear Colleague Letter dated April 7, 2025.[5] In that letter, Defendant Engels communicates to Ryan White Program awardees and stakeholders—like Plaintiffs—that Defendant HRSA's previous December 2021 Program Letter allowing the use of Ryan White funds to support gender-affirming medical care "co-opted the program's patient-centered mission in favor of radical ideological agendas and policies" and constituted "a vehicle for broader social or medical experimentation."

12. The Administrative Record does not include Defendant HHS's *own* public statements of agency policy that "[t]he Trump Administration is bringing back common sense and restoring biological truth to the federal government" and that "[t]he prior administration's policy of trying to engineer gender ideology into every aspect of public life is over."[6]

13. The Administrative Record does not include Defendant HHS's *own* statements of agency policy (included on its public website describing the Ryan White Program) that the promotion of "gender ideology is extremely inaccurate and disconnected from the immutable biological reality that there are two sexes, male and female" and that "gender ideology" harms women "by depriving them of their dignity, safety, well-being, and opportunities."[7]

---

[5] *See* Letter from Thomas J. Engels, Adm'r, Health Res. & Servs. Admin., to Ryan White HIV/AIDS Program Awardees and Stakeholders (Apr. 7, 2026), https://tinyurl.com/4neauwpd [https://perma.cc/K3TZ-HWEF] (attached as **Exhibit J** to Trumbauer Decl.).

[6] HHS (@HHSGov), X.com (Feb. 20, 2025), https://x.com/HHSGov/status/1892731580218474861 (attached as **Exhibit K** to Trumbauer Decl.).

[7] *See* **Exhibits L–P** to Trumbauer Decl. *See also* Health Resources & Services Administration, *Who We Are*, HRSA Ryan White HIV/AIDS Program, https://ryanwhite.hrsa.gov/; Health Resources & Services Administration, *Part B: Grants to States and Territories*, HRSA Ryan White HIV/AIDS Program, https://ryanwhite.hrsa.gov/about/parts-and-initiatives/part-b-grants-states-territories; Health Resources & Services Administration, *Part C: Early Intervention Services (EIS) and Capacity Development Grants*, https://ryanwhite.hrsa.gov/about/parts-and-initiatives/part-c-early-

* * *

The aforementioned "specific gaps in the record"—individually and collectively—impede meaningful judicial review under the APA. The Court should thus order that the Administrative Record be completed by requiring inclusion of the aforementioned documents.

First, there can be no question that "the failure to include information relied upon by the agency in the administrative record is inconsistent with the Administrative Procedure Act's requirement that review take place on the whole record." *New York v. United States Dep't of Com.*, 351 F. Supp. 3d 502, 632 (S.D.N.Y. 2019), *aff'd in part, rev'd in part on other grounds, and remanded sub nom. Dep't of Com. v. New York*, 588 U.S. 752 (2019) (citation modified, citing *U.S. Lines, Inc. v. Fed. Mar. Comm'n*, 584 F.2d 519, 534 n.43 (D.C. Cir. 1978)). As such, the documents and guidance that are expressly referenced within the Administrative Record or the Challenged Conditions themselves should be included in the Administrative Record. *See Roe*, 2024 WL 5198705, at *8 (ordering agency to produce full copies of several documents that were referenced in e-mails produced in the record but not actually included in the record itself); *see McMahon*, 826 F. Supp. 3d at 196 (ordering agency to produce a "final list of terminated positions and offices" under a challenged Reduction in Force because the request was "sufficiently specific and non-speculative"). This applies to document categories 1–10 outlined above.

Defendants might assert that some categories of documents (namely, categories 7 and 8) may be protected by the deliberative process privilege. That assertion is meritless. "[T]he scope of the privilege doesn't define the scope of the material directly or indirectly considered." *Inst. for Fisheries Res. v. Burwell*, No. 16-cv-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017).

---

intervention; Health Resources & Services Administration, *Part F: Special Projects of National Significance (SPNS) Program*, HRSA Ryan White HIV/AIDS Program, https://ryanwhite.hrsa.gov/about/parts-and-initiatives/part-f-spns; U.S. Dep't of Health and Human Services, *Protecting the Rights of Lesbian, Gay, Bisexual, Transgender, Queer, and Intersex (LGTBQ+) People*, https://www.hhs.gov/ocr/lgbtqi/index.html.

On the contrary, such "internal agency communications and drafts are part of the administrative record." *Ctr. for Food Safety v. Vilsack*, No. 15-cv-01590-HSG-KAW, 2017 WL 1709318, at *4 (N.D. Cal. May 3, 2017); *see also United Farm Workers v. Adm'r, U.S. E.P.A.*, No. C 07-3950, 2008 WL 3929140, at *2 (N.D. Cal. Aug. 26, 2008) (explaining that the "'whole record' before the [agency] at the time of its decisions . . . *includes* internal correspondence, memoranda and drafts that were part of the [agency]'s decision making process" (emphasis added)). Indeed, both the U.S. Department of Justice and the Administrative Conference of the United States have explained that an administrative record should typically "include materials that document the agency's decisionmaking process, such as important drafts and documentation of substantive meetings, regardless of whether they contain protected, privileged, or other sensitive information." Admin. Conference of the United States, *Handbook on Compiling Administrative Records for Informal Rulemaking* at 17 (2022);[8] *see also* U.S. Dep't of Justice, *Guidance to Federal Agencies on Compiling the Administrative Record* (Jan. 1999) ("Generally, include all draft documents that were circulated for comment either outside the agency or outside the author's immediate office, if changes in these documents reflect significant input into the decision-making process.").[9]

Second, there can be little doubt that general statements of agency policy pertaining to transgender people and gender-affirming medical care influenced and likely directly led to the promulgation and adoption of the Challenged Conditions. The statements by HRSA and HHS contained within document categories 11–13 noted above, some which pertain specifically to the Ryan White Program, are documents that, at minimum, delineated Defendants' decision-making as it pertains to transgender people (whose recognition of their very existence Defendants call

[8] https://www.acus.gov/sites/default/files/documents/ACUS_Handbook_on_Compiling_Administrative_Records.pdf

[9] https://www.spd.usace.army.mil/Portals/13/docs/regulatory/qmsref/eis/DOJ%20Guidance.pdf

"gender ideology") and even relate to the Ryan White Program at issue here (category 11). And as previously noted, the administrative record "should include all materials that might have influenced the agency's decision, and not merely those on which the agency relied in its final decision." *Sierra Club*, 2023 WL 4350730, at *1. Put simply, these are documents that "do exist, are missing from the record, and should have been included," *McMahon*, 826 F. Supp. 3d at 196, because, at a minimum, they were "directly or indirectly considered by the agency decision-makers," *id.* at 194 (quotation omitted).

All told, without the documents outlined within this motion, the Court cannot effectively determine whether Defendants "relied on factors which Congress has not intended it to consider," made a decision that "runs counter to the evidence before" it, or failed to offer a "rational connection between the facts found the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 42–43 (1983). Accordingly, this Court should direct Defendants to complete the Administrative Record with the aforementioned materials.

## CONCLUSION

The Court should grant Plaintiffs' Motion to Complete the Administrative Record.

Dated: August 24, 2026

Respectfully submitted,

/s/ Omar Gonzalez-Pagan
Omar Gonzalez-Pagan (BBO No. 678517)
Jose I. Abrigo*
Jessica Polansky*
Charlie Ferguson*
**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org
jabrigo@lambdalegal.org

Jeffrey S. Trachtman*
Jason M. Moff*
Hannah Kanter*
Stephen P. Ferguson*
**Herbert Smith Freehills Kramer (US) LLP**
1177 Avenue of the Americas
New York, NY 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000
jeffrey.trachtman@hsfkramer.com
jason.moff@hsfkramer.com

hannah.kanter@hsfkramer.com
stephen.ferguson@hsfkramer.com

Ryan P. Trumbauer*
**Herbert Smith Freehills**
**Kramer (US) LLP**
2000 K Street NW, 4th Floor
Washington, DC 20006
Telephone: 202-775-4500
Facsimile: 202-775-4510
ryan.trumbauer@hsfkramer.com

* Admitted *pro hac vice*.

jpolansky@lambdalegal.org
cferguson@lambdalegal.org

Kenneth D. Upton, Jr.*
**Lambda Legal Defense**
**and Education Fund, Inc.**
3656 North Halsted Street
Chicago, Illinois 60613
Telephone: 312-663-4413
Facsimile: 855-535-2236
kupton@lambdalegal.org

Pelecanos*
**Lambda Legal Defense**
**and Education Fund, Inc.**
800 South Figueroa St., Suite 1260†
Los Angeles, California 90017
Telephone: 213-382-7600
Facsimile: 855-535-2236
pelecanos@lambdalegal.org
†Mailing address only

*Counsel for Plaintiffs*

## RULE 7.1 CERTIFICATE OF COMPLIANCE

I certify that, on August 23 and 24, 2026, counsel for Plaintiffs provided notice of this motion, seeking to ascertain Defendants' position as to the relief requested herein, to counsel for Defendants. As of the time of filing, Defendants had yet to provide their position on the relief requested herein.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan (BBO No. 678517)
**Lambda Legal Defense**
**and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org

**CERTIFICATE OF SERVICE**

I certify that, on August 24, 2026, electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the registered participants as identified in the Notice of Electronic Filing (NEF), including the following counsel:

Rayford Farquhar
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
John Joseph Moakley Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
rayford.farquhar@usdoj.gov

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan (BBO No. 678517)
**Lambda Legal Defense**
**and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org