**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AMERICAN ACADEMY OF HIV MEDICINE, *et al.*,

*Plaintiffs*,

v.

HEALTH RESOURCES AND SERVICES ADMINISTRATION, *et al.*,

*Defendants*.

Case No. 1:26-cv-12638-WGY

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE**
**OF GOVERNMENTAL STATEMENTS, POLICIES, AND REPORTS**

The parties have met and conferred prior to trial to determine whether to stipulate that the trial exhibits were authentic and admissible. The parties have stipulated to the authenticity and admissibility of some of those trial exhibits. *See* Dkt. 63. The remaining exhibits are also authentic and admissible. In addition, each of these exhibits, whether admitted or not, contain judicially noticeable facts and independently may be judicially noticed under Federal Rule of Evidence 201 for the reasons set forth below.

Federal Rule of Evidence 201 allows this Court to take judicial notice of adjudicative facts that cannot reasonably be disputed and are subject to ready proof. Specifically, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court is typically required to take judicial notice upon a party's request where, as here, the court "is supplied with the necessary information." Fed. R. Evid. 201(c). These requirements are met here.

The documents proposed for judicial notice, as listed in the accompanying motion, and the facts contained therein, are relevant to this proceeding. Plaintiffs have asserted that the Health Resources and Services Administration's ("HRSA") general terms and conditions and notices of funding opportunity relating to the Ryan White Program (together, the "Challenged Conditions") violate, *inter alia*, the Administrative Procedure Act ("APA"). *See* Compl. ¶¶ 203–46. The proposed facts requested for judicial notice are evidence supporting Plaintiffs' claims.

Specifically, Plaintiffs ask this Court to take judicial notice of the existence of certain relevant governmental statements, policies, and reports as well as the fact that certain information is stated within those materials. These documents memorialize the long role of the provision of HIV care that is affirming and respectful of transgender patients' identities and of gender-affirming medical care in the Ryan White Program and reveal Defendants' intentional mistreatment of individuals who receive such care. As such, they are relevant to show and summarize Defendants' unlawful behavior under the strictures of the APA. The entailed statements, policies, and reports provide context for an otherwise unsubstantiated change in Defendants' policies pertaining to the provision of affirming and integrated HIV care as well as gender-affirming medical care within the context of HIV care, including their failure to consider certain interests, prior policies, or important aspects of the issue. They are also admissible facts and, as publicly available records, can be readily authenticated by this Court. *See* Fed. R. Evid. 902 (2), (4), (5), (6).[1]

These materials are all judicially noticeable. Government statements, including facts and documents found on government websites, are generally known within the Court's territorial jurisdiction and their accuracy cannot be questioned. *See Rodrique v. Hearst Commc'ns, Inc.*, 126 F.4th 85, 92–93, 92 n.3 (1st Cir. 2025) (taking judicial notice of information on government

[1] Defendants have stipulated as to the authenticity of each of the documents for which Plaintiffs request that the Court take judicial notice. *See* Dkt. 63.

websites); *Melino v. Bos. Med. Ctr.*, 127 F.4th 391, 394 n.1, 397 (1st Cir. 2025) (taking and affirming judicial notice of CDC website and recommendations); *Rezaii v. Kennedy*, No. 1:24-CV-10838-JEK, 2025 WL 750215, at *2 n.2 (D. Mass. Feb. 24, 2025) (taking judicial notice of an HHS webpage); *Pietrantoni v. Corcept Therapeutics Inc.*, 640 F. Supp. 3d 197, 204–05 (D. Mass. 2022) ("Matters of public record, *see In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15–16 (1st Cir. 2003) -- which include material on government websites, *see Gent v. Cuna Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) -- are generally subject to judicial notice.") (citation modified) (collecting cases taking judicial notice of agency websites and granting such notice). This includes historic webpages accessible through Wayback Machine software. *See Walsh v. Teltech Sys., Inc.*, No. CV 13-13064-RWZ, 2015 WL 12856456, at *1 n.2 (D. Mass. July 30, 2015), *aff'd*, 821 F.3d 155 (1st Cir. 2016) (taking judicial notice of archived webpages accessible through Wayback Machine). Generally, "judicial notice is properly taken of orders and decisions made by . . . administrative agencies." *O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 457 (D. Mass. 2018), *on reconsideration*, 370 F. Supp. 3d 204 (D. Mass. 2019) (quoting *Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997)). Indeed, "as a rule, courts now judicially notice the public acts, reports, records and regulations made, kept, conducted or issued by administrative agencies." *Id.* (quoting Fishman & McKenna, 1 Jones on Evidence § 2:110 (7th Ed. 2016)).

A court may also take judicial notice of agency statements. *See Kader v. Sarepta Therapeutics, Inc.*, No. 14-cv-14318-ADB, 2016 WL 1337256, at *10–11 (D. Mass. Apr. 5, 2016) (taking judicial notice of FDA official statements published on the White House website); *In re Vertex Pharm. Inc., Sec. Litig.*, 357 F. Supp. 2d 343, 352 n.4 (D. Mass. 2005) (taking judicial notice of agency's written policy); *Mazzarino v. Massachusetts State Lottery Comm'n*, 616 F.

Supp. 3d 118, 125–26 (D. Mass. 2022) (taking judicial notice of press releases); *Massachusetts Nurses Ass'n v. N. Adams Reg'l Hosp.*, 396 F. Supp. 2d 30, 35 (D. Mass. 2005), *aff'd*, 467 F.3d 27 (1st Cir. 2006) (taking judicial notice of statement by plaintiff's spokesperson quoted in a newspaper and of a press release on the plaintiff's website); *Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs*, 488 F. Supp. 2d 22 (D.N.H. 2007), *clarified on denial of reconsideration*, No. 06 CV 00258 JAW, 2007 WL 1959248 (D.N.H. July 3, 2007) (taking judicial notice of minutes of meeting of city zoning board of adjustment). Statements are judicially noticeable even if they are made on social media. *See Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263 (S.D.N.Y.), *aff'd*, 788 F. App'x 85 (2d Cir. 2019) (taking judicial notice of statements of the defendant-mayor published on Twitter on his official account); *Shilling v. United States*, 773 F. Supp. 3d 1069, 1083 (W.D. Wash. 2025) (taking judicial notice of "social media posts" by Department of Defense on X, including a "repost" by the Secretary of Defense);[2] *Abramowitz v. Lake*, 803 F. Supp. 3d 1, 15 n.3 (D.D.C. 2025) (taking judicial notice of post on X by defendant Lake "as its authenticity "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Hawaii v. Trump*, 859 F.3d 741, 773 n.14 (9th Cir. 2017), *vacated on other grounds*, 583 U.S. 941 (2017) (taking judicial notice of social media posts by President Trump). Treatises support the notion that a "presidential tweet could satisfy the stringent requirements of the official acknowledgment doctrine," since what governs is "substance" not "medium." 1 Fed. Info. Discl. § 7:88. Hence, where the indicia of the post make it a source "whose accuracy cannot reasonably be questioned," Fed. R. Evid. § 201(b), courts act

[2] Case law supports the proposition that a repost by a government official or government account constitutes a governmental statement. *See Knight First Amend. Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 571 n.20, 572 n.21 (S.D.N.Y. 2018) (noting that "the President's retweeting of a tweet sent by a private individual likely renders the President's retweet government speech"), *aff'd*, 928 F.3d 226 (2d Cir. 2019), *cert. granted, judgment vacated on mootness grounds sub nom. Biden v. Knight First Amend. Inst. At Columbia Univ.*, 141 S. Ct. 1220 (2021).

within reason by using them to "take judicial notice of the official acts of the heads of the executive departments of the Federal Government of public notoriety or general public interest." Federal Trial Handbook: Civil § 35:10 (2025-2026 Edition).

Courts may also judicially notice such agency actions as "published reports of administrative bodies." *Poirier v. Educ. Credit Mgmt. Corp* (*In re Poirier)*, 346 B.R. 585, 588 (Bankr. D. Mass. 2006) (collecting cases taking judicial notice of such information on government websites). *See also Barnstable Cnty. v. 3M Co.*, No. CV 17-40002, 2017 WL 6452245, at *5 (D. Mass. Dec. 18, 2017) (taking judicial notice of a report "because it is an official investigative report issued by a County committee"); *In re Vertex Pharm. Inc., Sec. Litig.*, 357 F. Supp. 2d at 352 n.4 (D. Mass. 2005) (holding a court "may take judicial notice of reports of administrative bodies") (quoting *Lamers Dairy Inc. v. U.S. Dept. of Agr.,* 379 F.3d 466, 471 n. 8 (7th Cir.2004)). Agency studies and guidance are therefore both subject to judicial notice. *See Howe v. Massachusetts Dep't of Correction*, No. 4:22-CV-40119-MRG, 2024 WL 353683, at *2 n.2, *6 n.6, *7 n.11 (D. Mass. July 25, 2024) (taking judicial notice of CDC guidance and HHS research summaries).

Executive Orders are also appropriate material for judicial notice. *See President & Fellows of Harvard Coll. v. United States Dep't of Health & Hum. Servs*., 798 F. Supp. 3d 77, 93 n.4 (D. Mass. 2025) (taking judicial notice of executive orders as public records); *Roe v. Noem*, 800 F. Supp. 3d 146, 167 n.33 (D. Mass. 2025) (same).

**CONCLUSION**

Wherefore, based on the foregoing, Plaintiffs respectfully request that this Court take judicial notice of the adjudicative facts set forth in Plaintiff's motion, pursuant to Federal Rule of Evidence 201(b).

Dated: September 1, 2026

Respectfully submitted,

/s/ Omar Gonzalez-Pagan

Omar Gonzalez-Pagan (BBO No. 678517)
Jose I. Abrigo*
Jessica Polansky (BBO No. 663750)
Charlie Ferguson*
**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org
jabrigo@lambdalegal.org
jpolansky@lambdalegal.org
cferguson@lambdalegal.org

Kenneth D. Upton, Jr.*
**Lambda Legal Defense and Education Fund, Inc.**
3656 North Halsted Street
Chicago, Illinois 60613
Telephone: 312-663-4413
Facsimile: 855-535-2236
kupton@lambdalegal.org

Pelecanos*
**Lambda Legal Defense and Education Fund, Inc.**
800 South Figueroa St., Suite 1260†
Los Angeles, California 90017
Telephone: 213-382-7600
Facsimile: 855-535-2236
pelecanos@lambdalegal.org
†Mailing address only

Jeffrey S. Trachtman*
Jason M. Moff*
Hannah Kanter*
Stephen P. Ferguson*
**Herbert Smith Freehills Kramer (US) LLP**
1177 Avenue of the Americas
New York, NY 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000
jeffrey.trachtman@hsfkramer.com
jason.moff@hsfkramer.com
hannah.kanter@hsfkramer.com
stephen.ferguson@hsfkramer.com

Ryan P. Trumbauer*
**Herbert Smith Freehills Kramer (US) LLP**
2000 K Street NW, 4th Floor
Washington, DC 20006
Telephone: 202-775-4500
Facsimile: 202-775-4510
ryan.trumbauer@hsfkramer.com

* Admitted *pro hac vice*.

*Counsel for Plaintiffs*

## RULE 7.1 CERTIFICATE OF COMPLIANCE

I certify that, on September 1, 2026, counsel for Plaintiffs met and conferred with counsel for Defendants regarding this motion, seeking to ascertain Defendants' position as to the relief requested herein. As of the time of filing, Defendants have yet to take a position on the relief requested herein.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan (BBO No. 678517)
**Lambda Legal Defense**
**and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org

**CERTIFICATE OF SERVICE**

I certify that, on September 1, 2026, electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the registered participants as identified in the Notice of Electronic Filing (NEF), including the following counsel:

Peter R. ("P.R.") Goldstone
Trial Attorney, Federal Programs Branch, Civil Division
Department of Justice
1100 L. Street NW, 11th Floor
Washington, DC 20530
Peter.R.Goldstone@usdoj.gov

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan (BBO No. 678517)
**Lambda Legal Defense**
**and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org