**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF HIV MEDICINE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH RESOURCES AND SERVICES ADMINISTRATION, et al.,<br><br>Defendants. | Case No. 26-cv-12638-WGY |

**DEFENDANTS' STATEMENT OF OBJECTIONS TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE OF GOVERNMENTAL STATEMENTS, POLICIES, AND REPORTS**

Defendants respectfully submit this Statement of Objections to Plaintiff's Motion for Judicial Notice of Governmental Statements, Policies, and Reports, Docket # 65. Defendants, in brief, aver that Plaintiffs' motion is fundamentally irrelevant to the present disposition of the litigation, which pursuant to the Court's order, is bifurcated to allow hearing of the preliminary injunction under 5 U.S.C. § 705 claims under the Administrative Procedure Act (APA) as on the merits (Minute Order, July 20, 2026, Dkt. 49); the hearing is to be held on September 23, 2026 (Minute Order, July 31, 2026, Dkt. 52).

In accordance with this, an Administrative Record was produced. Dkt. 53. Parties then met to discuss, inter alia, additions or supplements to the Administrative Record, at which Defendants stipulated to substantial additional documents being added to the Administrative Record. *See* Joint Trial Exhibit List and List of Declaration Testimony Trial Exhibits, Dkt. 63. As this Joint Trial Exhibit List readily demonstrates, Parties have agreed to significant additions to the Administrative Record, including Exhibits No. 1-11, as well as the original Administrative

Record in its entirety, and Exhibits 13-18, 20, and 28-34. Barring special circumstances, in an APA case, "a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 588 U.S. 752, 780 (2019). It is this "whole record" (5 U.S.C § 706) to which the reviewing court must address itself: "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

Plaintiffs seek an end-run around fundamental parameters of the APA process by seeking judicial notice by the court of a hodgepodge of sources, none of which is properly in the Administrative Record. They provide a barrage of citations to cases within the District of Massachusetts and the First Circuit, meticulously accompanied by parentheticals attesting to courts taking judicial notice of, *inter alia*, information on government agency websites, recommendations on agency websites, saved historic archived websites, and public acts, reports, records and regulations of administrative agencies, as well as agency statements issued to the press or made via social media. See Dkt. 66, pp. 2-5. Despite this impressive medley of cases, complete with detailed parenthetical descriptions displaying considerable research effort, Defendants fail to spotlight a single one as involving supplementation or correction of the Administrative Record in an APA challenge, nor a single instance in which this judicial notice was deemed relevant and material to a Court's review of an APA challenge, nor used to inform a Court's evaluation of agency decision pursuant to an APA action. This absence in turn speaks volumes, because so long as an agency has considered some general issue in some way before making its decision, discernible in some way in the Administrative Record, the court may not consider extra-record evidence "to determine the correctness or wisdom of the agency's decision." *Env't Def. Fund, Inc. v. Costle,* 657 F.2d 275, 285 (D.C. Cir. 1981). Plaintiffs urge a far-ranging fishing expedition in which the

Court effectively makes for itself (or more properly, for the Plaintiffs) a wholly new Administrative Record, untethered to the agency's decision-process and contrary to the precepts of the APA judicial review process, as determined by statute and case-law.

For this reason, other than those materials in the Administrative Record, as duly stipulated by the Parties, the Court should not take judicial notice of the horde of additional materials the Plaintiffs urge, because such materials are not part of the "whole record" relied upon, directly or indirectly, by the Defendant agencies while reaching their decisions regarding the challenged conditions. Plaintiffs' attempt to "shoe-horn" such materials—irrelevant and impermissible under the APA and controlling caselaw governing judicial review of agency action under the APA—should be refused.

Respectfully submitted:

By: *<u>/s/ --P. R. Goldstone</u>*

Peter R. ("P. R.") Goldstone
(B.B.O. # 682050)
Trial Attorney, Federal Programs Branch
Civil Division
Department of Justice
1100 L Street NW, 11th Floor
Washington, DC 20530
(202) 598-0912
Peter.R.Goldstone@usdoj.gov

Dated September 4, 2026

**<u>CERTIFICATE OF SERVICE</u>**

I, P. R. Goldstone, hereby certify that a true copy of the above document was served upon all parties of record via this court's electronic filing system and upon any non-registered parties via regular mail.

Dated: September 4, 2026

*<u>/s/ --P. R. Goldstone</u>*
Peter R. ("P. R.") Goldstone
(B. B. O. # 682050)
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice