**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AMERICAN ACADEMY OF HIV MEDICINE, *et al.*,

*Plaintiffs*,

v.

HEALTH RESOURCES AND SERVICES ADMINISTRATION, *et al.*,

*Defendants*.

Case No. 1:26-cv-12638-WGY

**PLAINTIFFS' REPLY TO DEFENDANTS' STATEMENT OF OBJECTIONS TO PLAINTIFFS' MOTION REQUESTING JUDICIAL NOTICE OF GOVERNMENTAL STATEMENTS, POLICIES, AND REPORTS**

Pursuant to the pretrial schedule, as stipulated by the parties (*see* Dkt. 51 at ¶ 4), Plaintiffs hereby respectfully submit this reply in response to Defendants' statement of objections to exhibits for which Plaintiffs have requested that the Court take judicial notice.[1]

Defendants have stipulated to the authenticity of each of the documents for which Plaintiffs have requested the Court admit into evidence or take judicial notice. Yet, Defendants now lodge one catch-all objection to Plaintiffs' Request for Judicial Notice: that Plaintiffs' proposed exhibits are "irrelevant to . . . claims under the Administrative Procedure Act (APA)" because they are outside of the administrative record. Dkt. 68 at 1. But Defendants' position is untenable. Defendants ignore not only "that the ordinary evidentiary rules regarding judicial notice apply when a court reviews agency action," *Dolan v. Fed. Emergency Mgmt. Agency*, 794 F. Supp. 3d 951, 989 (D.N.M. 2025), but also that in reviewing agency action the Court must consider what is contained within the administrative record (*i.e.*, what the agency considered) as well as *what is not*

[1] In the alternative, Plaintiffs request that the Court grant them leave to file this reply, pursuant to Local Rule 7.1(b)(3).

contained within the administrative record (*i.e.*, what the agency *failed to consider*).[2]

As such, Defendants' position amounts to an erroneously narrow and contrived view of what a court may consider in connection with APA claims—a position that if accepted would frustrate the purpose of the APA and the Court's judicial review of agency actions. The Court should reject Defendants' objection and take judicial notice of the governmental statements, policies, and reports outlined in Plaintiffs' motion (Dkt. 65).

**PROCEDURAL BACKGROUND**

On August 24, Plaintiffs filed a Motion to Complete the Administrative Record. Dkt. 57. Defendants did not file a response to that motion. Subsequently, Defendants agreed to incorporate many of the documents that were the subject of that motion into the administrative record. This is reflected in the Joint Exhibit List. Dkt. 63 at Trial Exs. 1–18, 20, 28–34.[3] The Joint Exhibit List also includes documents that were not the subject of Plaintiffs' motion to complete the administrative record, but which Plaintiffs intend to offer as trial exhibits and have requested that the Court take judicial notice because they relate to relevant issues beyond the administrative record, namely, Defendants' failure to consider important issues, their prior position, and reliance interests, or further contextualizes their unconstitutional animus. *See id.* at Trial Exs. 35–56, 70–91. Defendants stipulated that these documents were authentic but reserved further objections as to admissibility until the deadline for objections. *See id.*

On the same day that the parties filed their Joint Exhibit List, Plaintiffs filed a Request for

[2] *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 33 (2020) (agency action is arbitrary and capricious when the agency *fails to* "*assess* whether there were reliance interests" (emphasis added)); *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (agency action is arbitrary and capricious when it deviates from past policy or practice, and the agency *fails to provide* a "detailed justification"); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (agency action is arbitrary and capricious when agency "entirely *fail[s] to consider* an important aspect of the problem" (emphasis added)).

[3] This Reply refers to the Exhibit numbers found on the Joint Trial Exhibit List and List of Declaration Testimony Trial Exhibits, Dkt. 63.

Judicial Notice asking the Court to take judicial notice of most of Plaintiffs' proposed exhibits. Dkts. 65–67. On September 4, Defendants filed their Statement of Objections to Plaintiffs' Request for Judicial Notice, relying on one blanket objection that any evidence outside of the administrative record is irrelevant. For the reasons outlined herein, that position is incorrect as matter of law.

**ARGUMENT**

Apart from the few remaining exhibits subject to Plaintiffs' Motion to Complete (Dkt. 63, Exs. 19, 21–26), which properly belong in the Administrative Record, *see* Dkts. 57–59, Plaintiffs seek to introduce a relatively limited set of materials either as party-offered exhibits or as judicially noticed facts. These extra-record materials fall into two categories, both of which may be considered on APA claims:

- The first category, Trial Exhibits 35–56, 70–76, and 87, comprises materials demonstrating that Defendants failed to assess and consider reliance interests, important aspects of the problem, their departure from prior policy, or statutory requirements of the Ryan White Act, as required under the APA, 6 U.S.C. § 706(2)(A), and by statute, e.g., 42 U.S.C. § 300ff–12(b)(4)(A)-(C) (empowering local Planning Councils and Consortia, not Defendants, to determine and prioritize use of Ryan White funding in their communities). *See also* Complaint ¶¶ 203–17, Dkt. 1. These materials, including CDC data, HHS fact sheets, local planning council reports and applications, and prior statements issued by governmental entities, including Defendants, are properly judicially noticeable.
- The second category, Trial Exhibits 77–86 and 88–91, consists of materials that show that Defendants' actions stem from a broader pattern of discriminatory animus toward transgender people, in contravention of the APA, 5 U.S.C. § 706(2)(A) and (B), as such

invidious discrimination violates the Affordable Care Act, 42 U.S.C. § 18116, and the Fifth Amendment, U.S. Const. amend. V. *See also* Complaint ¶¶ 231 and 241 (which incorporate ¶¶ 247-283). For example, Plaintiffs ask the Court to take judicial notice of various anti-transgender actions and statements in executive orders, White House press releases, memoranda from federal agencies, social media posts, and pages on Defendants' websites.[4]

Courts routinely admit evidence from both categories in APA cases. As to the first category—documents Defendants failed to consider that illustrate reliance interests, aspects of the problem, and decades of prior agency guidance and policy—courts generally permit "evidence relevant to the substantive merits of the agency decision . . . to determine whether the agency considered all the relevant factors." *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989); *see also United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 5–6 (D.D.C. 2017) (permitting extra-record evidence to show fact of change in policy and existence of reliance interests, supporting claim regarding agency's failure to have "taken [these things] into account"); *Nipmuc Nation v. Zinke*, 305 F. Supp. 3d 257, 261 n.3 (D. Mass. 2018) (noting that while the reviewing court is usually limited to the administrative record, "judicial notice of documents in a case where the court is reviewing an agency action" is appropriate when, *inter alia*, "admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision"). This makes sense. To assess "whether all relevant factors were examined by an agency, whether the agency ignored an important aspect of the problem, or whether the agency

[4] The Request for Judicial Notice does not seek relief with respect to Trial Exhibits 57–69, which comprise scholarly articles and Plaintiff-specific documents. There are also four additional documents on the Joint Exhibit List that Plaintiffs have not sought to include in the Administrative Record but for which judicial notice is appropriate: version histories of the Grants.gov webpage for the relevant NOFOs. Defendants have stipulated that these documents authentic and do not appear to contest their relevance. Dkt. 63 at Trial Exs. 35–38.

departed from established agency practices," "a court must adequately understand the relevant factors, important aspects of the problem, and the agency's established practices." *Saget v. Trump*, 375 F. Supp. 3d 280, 342 (E.D.N.Y. 2019).

Even a lower court opinion in a case Defendants themselves cited, *see* Dkt. 68 at 2, supports the use of such evidence: "[W]ithout looking to evidence beyond the administrative record . . . a court may be unable to identify, let alone redress, the most egregious APA violations: those in which the administrative record is carefully cultivated to exclude contrary evidence." *New York v. United States Dep't of Com.*, 351 F. Supp. 3d 502, 634 (S.D.N.Y.), *aff'd in part, rev'd in part on other grounds and remanded sub nom. Dep't of Com. v. New York*, 588 U.S. 752 (2019). That court reasoned that it may rely on extra-record material "to the limited extent that [the defendant] is alleged to have 'entirely failed to consider an important aspect of the problem,' or that such material would further illuminate the issues before the Court." *Id.* at 635–36 (quoting *State Farm*, 463 U.S. at 43).

This principle is widely recognized. *See, e.g.*, *AT & T Info. Sys., Inc. v. Gen. Servs. Admin.*, 810 F.2d 1233, 1236 (D.C. Cir. 1987) ("the record may be supplemented to provide, for example, background information or evidence of whether all relevant factors were examined by an agency"); *Saget*, 375 F. Supp. 3d at 341–42 (permitting evidence beyond administrative record "when the court must look to supplemental materials to evaluate whether the agency failed to consider all relevant factors, ignored an important aspect of the problem, or deviated from established agency practices"). It has also been followed in APA cases in the District of Massachusetts, including two recent cases which Plaintiffs cited in their Request. *See* Dkt. 66 at 5, citing *Roe v. Noem*, 800 F. Supp. 3d 146, 154 n.12, 167 n.33 (D. Mass. 2025) (APA challenge to treatment of Afghan nationals' parole applications by DHS in which Court took judicial notice of relevant factual

context as well as of recent executive orders); *President & Fellows of Harvard Coll. v. United States Dep't of Health & Hum. Servs*., 798 F. Supp. 3d 77, 93 n.4 (D. Mass. 2025) ("Executive Orders 14188 and 13899 are not part of the administrative record, but the Court takes judicial notice of them, as they are public records."); *see also Nat'l Parks Conservation Ass'n v. United States Dep't of Interior*, No. 1:26-CV-10877-AK, 2026 WL 1706963, at *11 (D. Mass. June 12, 2026) (taking "judicial notice of information on official government websites").

Courts routinely admit extra-record evidence in the second category as well: documents regarding discriminatory animus. As another court in this District held, evidence outside the administrative record may be "appropriate" because "limiting the scope of review to the administrative record makes little sense in the context of an inquiry into illicit animus." *Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth*, 557 F. Supp. 3d 224, 245 (D. Mass. 2021) (permitting evidence of anti-LGBTQ animus).

For instance, in *Am. Ass'n of Univ. Professors v. Rubio*, 802 F. Supp. 3d 120, 139 (D. Mass. 2025), this Court cited Canary Mission's website, which was not part of the administrative record in that case. *See Am. Ass'n of Univ. Professors v. Rubio*, No. 25-cv-10685-WGY, ECF No. 106 (D. Mass. May 29, 2025) (certified administrative record). That case concerned whether public officials "acted in concert to misuse the sweeping powers of their respective offices to target non-citizen pro-Palestinians for deportation primarily on account of their First Amendment protected political speech." 802 F. Supp. 3d at 194. Though it involved APA claims, this Court nonetheless admitted the Canary Mission website "as evidence of what the Public Officials viewed . . . as a primary source to investigate non-citizen student protesters." *Id.* at 139 n.15.

Admitting into evidence and taking judicial notice of the government's statements and actions illustrating its discriminatory animus toward transgender people is appropriate here. As the

First Circuit has held, "Defendants of even minimal sophistication will neither admit discriminatory animus nor leave a paper trail demonstrating it. It is thus well established that impermissible discriminatory animus can be inferred from the totality of the circumstances, including both direct and circumstantial evidence." *Calvary Chapel Belfast v. Univ. of Maine Sys*., 180 F.4th 13, 26 (1st Cir. 2026) (citation modified). *See also Afr. Communities Together v. Mullin*, No. 26-CV-11201-ADB, 2026 WL 2364398, at *8–9 (D. Mass. Aug. 14, 2026) (citing *Calvary Chapel* regarding the need for such extra-record evidence in an APA equal protection claim and finding social media posts by DHS and the President provide "relevant" evidence of "impermissible discriminatory animus"). Other districts have reached a similar conclusion. *See, e.g., CASA, Inc. v. Noem*, No. CV 25-1484-TDC, 2025 WL 3514378, at *17 (D. Md. Dec. 8, 2025) (finding such claims "likely require the consideration of evidence that would not be found in an administrative record"); *Hicks v. United States*, No. CV 24-395-SDD-RLB, 2025 WL 2985905, at *4 (M.D. La. July 16, 2025) (similar).

The relevance of Plaintiffs' proposed exhibits in both categories supports their admission as evidence at trial. Moreover, pursuant to Fed. R. Evid. 201(b), the Court should take judicial notice of them as set forth in Plaintiff's motion. *See* Dkt. 65.

Dated: September 8, 2026

Respectfully submitted,

/s/ Omar Gonzalez-Pagan
Omar Gonzalez-Pagan (BBO No. 678517)
Jose I. Abrigo*
Jessica Polansky (BBO No. 663750)
Charlie Ferguson*
**Lambda Legal Defense**
**and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236

Jeffrey S. Trachtman*
Jason M. Moff*
Hannah Kanter*
Stephen P. Ferguson*
**Herbert Smith Freehills**
**Kramer (US) LLP**
1177 Avenue of the Americas
New York, NY 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000

jeffrey.trachtman@hsfkramer.com
jason.moff@hsfkramer.com
hannah.kanter@hsfkramer.com
stephen.ferguson@hsfkramer.com

Ryan P. Trumbauer*
**Herbert Smith Freehills**
**Kramer (US) LLP**
2000 K Street NW, 4th Floor
Washington, DC 20006
Telephone: 202-775-4500
Facsimile: 202-775-4510
ryan.trumbauer@hsfkramer.com

* Admitted *pro hac vice*.

ogonzalez-pagan@lambdalegal.org
jabrigo@lambdalegal.org
jpolansky@lambdalegal.org
cferguson@lambdalegal.org

Kenneth D. Upton, Jr.*
**Lambda Legal Defense**
**and Education Fund, Inc.**
3656 North Halsted Street
Chicago, Illinois 60613
Telephone: 312-663-4413
Facsimile: 855-535-2236
kupton@lambdalegal.org

Pelecanos*
**Lambda Legal Defense**
**and Education Fund, Inc.**
800 South Figueroa St., Suite 1260†
Los Angeles, California 90017
Telephone: 213-382-7600
Facsimile: 855-535-2236
pelecanos@lambdalegal.org

†Mailing address only

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that, on September 8, 2026, electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the registered participants as identified in the Notice of Electronic Filing (NEF), including the following counsel:

Peter R. ("P.R.") Goldstone
Trial Attorney, Federal Programs Branch, Civil Division
Department of Justice
1100 L. Street NW, 11th Floor
Washington, DC 20530
Peter.R.Goldstone@usdoj.gov

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan (BBO No. 678517)
**Lambda Legal Defense**
**and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org