**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ACADEMY OF HIV MEDICINE; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HEALTH RESOURCES AND SERVICES ADMINISTRATION; *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-12638-WGY |

**OPPOSITION TO DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME TO FILE POST-TRIAL MEMORANDUM**

Plaintiffs oppose Defendants' second motion for an extension of time to file a post-trial memorandum. Dkt. 87.

Following the September 23 bench trial, the Court took this matter under advisement and invited post-trial briefing, should the parties wish to file any, but made clear that it "will not wait for the briefs to start work on its order." Dkt. 80; *see also* Dkt. 81 (Trial Tr.) at 40:21–41:1. The Court agreed to "stay [its] hand" only through October 2 to permit settlement discussions but similarly noted that "that's not going to prevent [it] from starting to work." Trial Tr. at 40:16–18. On October 2, after a week-long silence, Defendants informed Plaintiffs that they would not agree to Plaintiffs' outstanding settlement proposal and had decided against any further negotiations along substantively similar lines. Dkt. 85. The parties therefore jointly notified the Court that settlement negotiations had failed and that it "need not stay its hand or withhold its adjudication of this matter any further." *Id.*

On October 1, without any attempt to meet and confer as required by LR 7.1(a)(2) and before notifying Plaintiffs of the status of settlement negotiations, Defendants filed their first

motion seeking an extension to October 6 to file their post-trial memorandum. Dkt. 84. The Court granted that extension on October 5. Dkt. 86.

Now, hours after the new deadline to file their brief (*see* LR 5.4 (requiring electronic filings to "be completed prior to 6:00 p.m. to be considered timely filed")), Defendants seek a second extension, again without any attempt to confer with Plaintiffs. Dkt. 87. As reasons therefor, Defendants aver that "[f]urther consultation and discussion within the Defendant agencies and offices has proven necessary to fully determine the substance of the brief," notwithstanding that trial in this case has already occurred. *Id.* at 1. Defendants also wrongly assert that the "extension will work no prejudice to any party." *Id.*

Defendants' proffered reasons do not provide good cause for an extension, nor do they justify any further delay in the adjudication of Plaintiffs' claims. Given the irreparable harm posed by the Challenged Conditions (*see* Dkt. 10 at 7–10, 37–39; Dkt. 47 at 18; Dkt. 69 at 7–9), Plaintiffs moved for a preliminary injunction on June 10, nearly four months ago. Recognizing this urgency while noting the need for full adjudication, the Court consolidated Plaintiffs' motion for preliminary relief with trial and set a final pretrial conference for September 9. Dkt. 49. And at trial, the Court noted its desire to "address the matter as rapidly as [it] can." Trial Tr. at 42:12–13. Defendants' proposed extension only seeks to further delay Plaintiffs obtaining relief, and it is therefore not true that the proposed extension will not prejudice Plaintiffs. Plaintiffs cannot stand idly by while they remain subject to the Challenged Conditions and Defendants continue to seek additional time to delay a decision after trial.

Defendants cite a purported need for further internal consultation, but this case has been pending for four months and trial has concluded. Defendants have had more than ample time to formulate their responses to Plaintiffs' claims as well as any questions raised at trial. Defendants

even chose not to submit a response trial brief as set forth in the agreed upon schedule. Post-trial briefing is not an opportunity to raise new arguments. *See Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. v. United States*, No. 22-CV-02129-EA, 2026 WL 1473818, at *18 (D. Md. May 26, 2026).

Moreover, the Court has already noted that post-trial briefing is optional and that it would not wait for any post-trial briefs to start work on its order. *See* Trial Tr. at 40:21–41:1.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' motion.

Dated: October 7, 2026

Respectfully submitted,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan (BBO No. 678517)
Jose I. Abrigo*
Jessica Polansky (BBO No. 663750)
Charlie Ferguson*
**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org
jabrigo@lambdalegal.org
jpolansky@lambdalegal.org
cferguson@lambdalegal.org

Kenneth D. Upton, Jr.*
**Lambda Legal Defense and Education Fund, Inc.**
3656 North Halsted Street
Chicago, Illinois 60613
Telephone: 312-663-4413
Facsimile: 855-535-2236
kupton@lambdalegal.org

Jeffrey S. Trachtman*
Jason M. Moff*
Hannah Kanter*
Stephen P. Ferguson*
**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
1177 Avenue of the Americas
New York, NY 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000
jeffrey.trachtman@hsfkramer.com
jason.moff@hsfkramer.com
hannah.kanter@hsfkramer.com
stephen.ferguson@hsfkramer.com

Ryan P. Trumbauer*
**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
2000 K Street NW, 4th Floor
Washington, DC 20006
Telephone: 202-775-4500
Facsimile: 202-775-4510
ryan.trumbauer@hsfkramer.com

Pelecanos*
**Lambda Legal Defense**
**and Education Fund, Inc.**
800 South Figueroa St., Suite 1260†
Los Angeles, California 90017
Telephone: 213-382-7600
Facsimile: 855-535-2236
pelecanos@lambdalegal.org
† Mailing address only

* Admitted *pro hac vice*.

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that, on October 7, 2026, I filed the foregoing document electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the registered participants as identified in the Notice of Electronic Filing (NEF), including the following counsel:

Peter R. ("P.R.") Goldstone
Trial Attorney, Federal Programs Branch, Civil Division
Department of Justice
1100 L Street NW, 11th Floor
Washington, DC 20530
Peter.R.Goldstone@usdoj.gov

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan (BBO No. 678517)
**Lambda Legal Defense**
**and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: 212-809-8585
Facsimile: 855-535-2236
ogonzalez-pagan@lambdalegal.org